**O**

# United States District Court
# Central District of California

| | |
|---|---|
| In Re: | Case № 5:15-cv-01562 ODW |
| CITY OF SAN BERNARDINO, CALIFORNIA, | |
| Debtor, | **ORDER DENYING APPELLANTS' EX PARTE MOTION FOR STAY OR INJUNCTION PENDING APPEAL [6]** |
| SAN BERNARDINO CITY PROFESSIONAL FIREFIGHTERS LOCAL 891; GREGORY PARKER; SAM BASHAW; CHRIS NIGG; THOMAS JEFF ENGLISH; RICHARD LENTINE; STEVE TRACY; and KENNETH KONIOR, | |
| Plaintiffs-Appellants, | |
| v. | |
| CITY OF SAN BERNARDINO, CALIFORNIA; ALAN PARKER; and DOES 1-10, inclusive, | |
| Defendants-Appellees. | |

## I.    INTRODUCTION

Appellants San Bernardino City Professional Firefighters Local 891, Gregory Parker, Sam Bashaw, Chris Nigg, Thomas Jeff English, Richard Lentine, Steve Tracy, and Kenneth Konior (collectively "Firefighters") move ex parte for: (1) an order staying the Bankruptcy Court's Order dismissing their sixth cause of action without leave to amend; or (2) a preliminary injunction prohibiting Appellee City of San Bernardino, California ("City"), from contracting out firefighting services or terminating any firefighters currently employed by the City.  For the reasons discussed below, the Court **DENIES** Firefighters' ex parte Motion.  (ECF No. 6.)

## II.    BACKGROUND

This matter arises out of the City of San Bernardino's municipal bankruptcy, which is currently pending before the Bankruptcy Court.  *In re: City of San Bernardino, Cal.*, No. 6:12-bk-28006-MJ (Bankr. C.D. Cal.).  Appellants are firefighters employed by the City and their union, who have filed an adverse action against the City in the Bankruptcy Court.  (Mot. Ex. 8.)  Firefighters have appealed from an Order issued by the Bankruptcy Court in the adverse action dismissing Firefighters' sixth cause of action without leave to amend.[1]  (ECF No. 2.)  That cause of action sought a judicial declaration that firefighting services could not be contracted out under the City's Charter and state law.  (Mot. Ex. 8.)

On July 16, 2015, the Bankruptcy Court granted a 20-day stay of its Order.  (Mot. Ex. 4.)  However, upon further reflection, the court noted that the stay order had no real effect because an order dismissing a claim is "essentially a denial that's self-executing, and it doesn't have anybody do anything, so there was nothing to stay."  (Opp'n Ex. 3 at 14–15.)

On August 6, 2015, Firefighters appeared ex parte before the Bankruptcy Court for (1) a temporary restraining order ("TRO") prohibiting the City from contracting

---

[1]    Firefighters have appealed five other Orders issued by the Bankruptcy Court.  Three of those Orders were affirmed; the remaining appeals are still pending before this Court.

out firefighting services or terminating any firefighters currently employed by the City, and (2) an order setting a hearing on a preliminary injunction regarding the same.  (*Id.* at 6–7.)  The court declined to grant the TRO, but set a preliminary injunction hearing for September 17, 2015.  In denying the TRO, the court first noted that Firefighters were tardy in bringing their adverse action, and thus were in part to blame for creating the emergency. (*Id.* at 7–8.)  The court had advised Firefighters several times over the course of a year to file their adverse action, yet they inexplicably waited until April 2015 before doing so. (*Id.*)

The court then reasoned that there was no immediate danger of irreparable harm to Firefighters.  No layoff notices had been issued to Firefighters, and the City represented to the court that "the City doesn't have – is not planning any layoffs and is not anticipating any changes in terms and conditions of employment until – not until between now and the time if a hearing is set in September." (*Id.* at 36.)  And although the City was evaluating outside proposals for firefighting services, the court noted that the City "[wasn't] about to elect the contract, so that snowball isn't going to turn into an avalanche real quick before we would have an opportunity to do this the right way" by setting a reasonable briefing schedule for the hearing. (*Id.* at 13.)  However, the court felt that it would be "pressed to do something" sooner if layoff notices were issued or if execution of a contract became imminent. (*Id.* at 42.)

On August 20, 2015, Firefighters filed an ex parte Motion in this Court to: (1) stay the Bankruptcy Court's Order dismissing their Sixth Cause of Action without leave to amend; or (2) issue a preliminary injunction prohibiting the City from contracting out firefighting services or terminating any firefighters currently employed by the City. (ECF No. 6.)  On August 21, 2015, the City filed an Opposition to Firefighters' Motion. (ECF No. 10.)  Firefighters' ex parte Motion is now before the Court for consideration.

### III.   LEGAL STANDARD

An ex parte motion must "establish why [a] motion for the ultimate relief

requested cannot be calendared in the usual manner.  In other words, it must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

"What showing is necessary to justify ex parte relief? First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.  Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  *Id.*

## IV.   DISCUSSION

### A.   Stay of Order Pending Appeal

The Court agrees with the City and the Bankruptcy Court that staying the Order dismissing Firefighters' sixth cause of action pending appeal would be pointless. Staying the Order would do nothing more than permit Firefighters to move forward with their cause of action while this Court reviews the Order; it would not prevent the City from contracting out firefighting services in the meantime.  Firefighters' request to stay the Order is therefore denied.  *Mission Power Eng'g Co.*, 883 F. Supp. at 492 (denial of ex parte relief is appropriate where the substantive request lacks merit).

### B.   Injunction

Despite the Bankruptcy Court setting a hearing on September 17, 2015 regarding their requested injunction, as well as the court's willingness to consider granting emergency relief if circumstances change in the interim, Firefighters nevertheless seek an immediate injunction from this Court.  Firefighters contend that the City *might* contract out firefighting services on August 24, 2015, and that Firefighters *might* be terminated as a result.  In their Opposition, the City presents evidence that it only intended to make certain recommendations to the City Council that day, and that no contract will be signed on August 24, 2015.

The Court finds that Firefighters are not entitled to ex parte relief based on the

evidence presented.   First, Firefighters delayed significantly in bringing their adversary proceeding in the first place, and thus bear at least some fault in "creating the crisis that requires ex parte relief."   *Mission Power Eng'g Co.*, 883 F. Supp. at 492.   Second, Firefighters are not at risk of any immediate and irreparable harm or prejudice if an injunction is not immediately issued.   Although the City is taking steps toward contracting out firefighting services, there appears to be no imminent danger of a contract being executed.   No layoff notices have been issued to Firefighters, and the City has represented that no change in the terms and conditions of Firefighters' employment will occur prior to September 17, 2015.   Firefighters' speculation that something could happen between now and then is insufficient to justify ex parte relief. And even if circumstances do in fact change in the interim, the Bankruptcy Court has indicated that it will consider granting emergency relief.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Firefighters' ex parte Motion in its entirety.  (ECF No. 6.)

**IT IS SO ORDERED.**

August 31, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**